In the Matter of the Claim of CORA E. FREYFOGLE and Another, Respondents, against MESSENGER PRINTING COMPANY and NATIONAL CASUALTY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— In 1925 the alleged widow herein was married to Bruce Arthur Maynes, of Syracuse, N. Y. She separated in 1932 and went to Haverstraw, N. Y., and lived with her sister. After three years of separation she went to Nevada and resided there and established a residence. Previous to her residence in Nevada and while she was living with her sister, she had no intention of making a permanent residence in any place. While residing in the State of Nevada she procured a divorce from Maynes by a judicial decree. Maynes was personally served in the State of New York. After the

divorce she entered a ceremonial marriage with the decedent herein and later the decedent and the widow returned to New York and began to reside at Haverstraw as husband and wife. In 1936, Maynes divorced the widow herein by an action instituted in the New York Supreme Court. The decedent and the widow continued to live together after the divorce and went to New Jersey often to visit the mother where they held themselves out as man and wife. A child was born to this union. The appellant raises no question as to the death benefits on the part of the three children of the testator. Two of these children were the issue of a former marriage, the former wife of decedent having died, and the third was the child of decedent and his widow. The evidence establishes beyond a doubt that the claimant is the legal widow of the decedent, and, therefore, entitled to the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.